Jane Gordon (ISB# 9243)
Jane Gordon Law
1004 West Fort St.
Boise, Idaho 83702
Phone: 208-391-4747
jane@janegordonlaw.com
*Local Counsel*

Peter J. Kesling (*Pro Hac Vice Pending*)
Capital Injury & Disability Law
2401 Bristol CT SW Suite D-101
Olympia, WA 98502
Phone: (360) 209-3360
staff@capitalinjurylaw.com
*Attorneys for Plaintiff Aason Salstrom*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| AARON SALSTROM,<br><br>Plaintiff,<br><br>vs.<br><br>AUTO OWNERS INSURANCE,<br><br>Defendant. | Case No. 1:26-cv-00333-AKB<br><br>PLAINTIFF AARON SALSTROM'S MEMORANDUM IN OPPOSITION TO DEFENDANT AUTO-OWNERS INSURANCE'S MOTION TO DISMISS AND TO STRIKE<br><br>Fed. R. Civ. P. 12(b)(6), 12(f) |

COMES NOW, by and through his counsel of record, Plaintiff Aaron Salstrom and hereby submits his Opposition to Defendant Auto Owners Insurance's Motion to Dismiss. Defendant Auto Owners Insurance asks the Court to dismiss a heavily fact-specific insurance contract interpretation case by recasting Plaintiff Aaron Salstrom as a stranger to his own UIM coverage under which Auto Owners adjusted, recognized, and partly paid his claim. This dismissal would not be proper under Fed. R. Civ. P. 12(b)(6).

## UNDISPUTED FACTS

1.     Plaintiff Aaron Salstrom  ("Aaron") was involved in a collision on December 29, 2022, in Boise, Idaho. He sustained injuries in the collision.

2.     In the collision, Aaron was hit by Corinne Whitmore. The at-fault driver had automobile liability coverage with Allstate Insurance, with limits of $25,000.

3.     Allstate, the at-fault driver's insurance tendered its limits of $25,000.

4.     Aaron had underinsured motorist coverage (UIM) with Defendant Auto Owners Insurance ("Auto Owners") through his limited liability corporation Salstrom Enterprises.

5.     Auto Owners gave Aaron permission to accept the tendered policy limits of $25,000.

6.     Aaron sent a demand package/proof of loss to Auto Owners on August 28, 2025.

7.     Auto Owners first had notice of Aaron's injuries and claim prior to the proof of loss being submitted to it as they paid for his medical treatment from the collision under the Medpay provision of his insurance contract.

8.     Auto Owners made a partial payment of $36,000.00 on October 7, 2025 under its UIM coverage.

## LEGAL ANALYSIS

I.    **AARON'S COMPLAINT PLEADED "ENOUGH FACTS TO STATE A CLAIM TO RELIEF THAT IS PLAUSIBLE ON ITS FACE" AND AUTO-OWNERS' MOTION TO DISMISS SHOULD BE DENIED**

Rule 12(b)(6) tests the legal sufficiency of the complaint, not the plaintiff's evidence or theories of contractual interpretation. A complaint survives if it contains sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility is not a

PLAINTIFF AARON SALSTROM'S MEMORANDUM IN OPPOSITION TO DEFENDANT AUTO-OWNERS INSURANCE'S MOTION TO DISMISS AND TO STRIKE - 2

probability requirement; it asks only whether the pleaded facts permit a reasonable inference of liability. *Iqbal,* 556 U.S. at 678. The Court must accept well-pleaded factual allegations as true and draw all reasonable inferences in Plaintiff's favor. *Cahill v. Liberty Mutual Insurance Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The Ninth Circuit repeatedly emphasizes that Rule 8 does not require detailed evidentiary allegations; it requires enough factual content to give fair notice and make liability plausible. See *Starr v. Baca*, 652 F.3d 1202, 1216-17 (9th Cir. 2011); *Johnson v. Riverside Healthcare System, LP,* 534 F.3d 1116, 1121-22 (9th Cir. 2008). Dismissal is improper where the complaint alleges a cognizable legal theory and sufficient facts to support it.

The Court's review of a 12(b)(6) motion is generally limited to the complaint. A court may consider documents incorporated by reference only in narrow circumstances, and the Ninth Circuit has cautioned that the doctrine must not be used to resolve factual disputes, draw inferences against the plaintiff, or treat a defendant's disputed interpretation of documents as true. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998-1003 (9th Cir. 2018). Judicial notice is similarly limited: the Court may notice the existence of certain public records, but not disputed facts or truth of contested assertions within them. *Id*. at 999; see also *Lee v. City of Los Angeles*, 250 F.3d 668, 688-90 (9th Cir. 2001).

Fed. R. Civ. P. 8(a)(2) requires a plaintiff's complaint to provide a short and plain statement showing the entitlement to relief in order to give the defendant fair notice of the claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). For a plaintiff to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Rule 12(b)(6) "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery

will reveal evidence" of truth of the allegations. *Twombly*, 550 U.S. at 556. "The theory of Rule 8(a), and of the federal rules in general, is notice pleading." *Starr v. Baca*, 652 F.3d 1202, 1212 (9th Cir. 2011) cert. denied, 566 U.S. 982 (2012). "A complaint may survive a motion to dismiss if, taking all well-pleaded factual allegations as true, it contains 'enough facts to state a claim to relief that is plausible on its face.'" *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1031 (9th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556. Plausibility at the pleading stage "'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" supporting the claim.'" *Starr v. Baca*, 652 F.3d at 1213 (quoting *Twombly*, 550 U.S. at 555).

"The plausibility standard is not akin to a 'probability requirement' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A claim has "substantive plausibility" if a plaintiff alleges "simply, concisely, and directly [the] events" that entitle him to damages. *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). Where a complaint makes factual allegations that "raise a right to relief above the speculative level," a motion to dismiss must be denied. *Twombly*, 550 U.S. at 555. A complaint should not be dismissed at the pleading stage even if it seems that "actual proof of those facts is improbable and 'that a recovery is very remote or unlikely.'" *Id*. at 556 (quoting *Scheurer v. Rhodes*, 416 U.S. 232, 236 (1974)). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "Determining whether a complaint states a

plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

In *Starr v. Baca*, the Court grappled with the pleading standard under Rule 8(a) that should be applied between the demanding standard for complex commercial cases in *Twombly*, the protection of high-level government officials after the September 11, 2001 terrorist attack in *Iqbal*, and the more lenient standard under the Eighth Amendment in *Erickson v. Pardus*, 551 U.S. 89, (2007) (per curiam). *Starr*, 652 F.3d at 1213-16. The Court held "under the federal rules a complaint is required only to give the notice of the claim such that the opposing party may defend himself or herself effectively. The theory of the federal rules is that once **notice-giving pleadings have been served, the parties are to conduct discovery in order to learn more about the underlying facts**." *Starr*, 652 F.3d at 1212 (emphasis added).

The Court explained the common governing principles that should be applied by the district courts in evaluating the pleading. First, in order to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief. *Starr*, 652 F.3d at 2016.

In *Starr v. Baca*, plaintiffs were inmates in the Los Angeles County Jail who were violently attacked by other inmates. They alleged Sheriff Baca "knew or should have known about the dangers in the Los Angeles County Jail, and that he was deliberately indifferent to those dangers." *Starr*, 652 F.3d at 1214-15. The Court first found that Starr's complaint made "detailed factual allegations that go well beyond the elements of a claim of deliberate indifference. These allegations [were] neither 'bald nor conclusory,' and hence are entitled to the

presumption of truth." *Id*. at 1216 (quoting *Iqbal*, 129 S. Ct. at 1951). "These incidents [were] sufficiently detailed to give notice to Sheriff Baca of the nature of Starr's claim against him and to give him a fair opportunity to defend against it." *Id*. The Court recognized "[a]s the Court wrote in *Twombly*, Rule 8(a) 'does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' to support the allegations." *Id*. at 1217 (quoting *Twombly*, 550 U.S. at 556) (emphasis in original).

If the Court grants the 12(b) Motion, Plaintiff should be granted leave to amend his Complaint. "Absent unusual circumstances 'dismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the complaint could not be saved by any amendment.'" *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996) (overruled on other grounds) citing *Polich v. Burlington N., Inc.,* 942 F.2d 1467, 1472 (9th Cir. 1991). The Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc*., 911 F.2d 242, 247 (9th Cir. 1990). The issue is not whether plaintiff will prevail but whether he "is entitled to offer evidence to support the claims." *Diaz v. Int'l Longshore and Warehouse Union, Local 13*, 474 F.3d 1202, 1205 (9th Cir. 2007)(citations omitted).

Auto-Owners'. Motion to Dismiss should be denied because Aaron pleaded sufficient facts, that taken as true, state a plausible claim for relief. His allegations are sufficiently detailed to give notice and are far from the bare assertions found in *Iqbal*. Aaron is entitled to offer evidence and gather discovery to support his claims and investigate Auto-Owners' claims that an

insurance policy, held by a single-member limited liability corporation, has different obligations to the injured party than it does to a business entity.

## II.   AARON'S COMPLAINT PLAUSIBLY ALLEGES COVERAGE AND CONTRACTUAL DUTIES UNDER THE AUTO-OWNERS UIM CONTRACT.

Auto-Owners' motion should be denied because the Complaint alleges coverage and claim conduct inconsistent with Auto Owners' "stranger to the policy" theory. Aaron alleges and pleaded that he had UIM coverage through the Auto-Owners' UIM contract issued in connection with Salstrom Enterprises. *See Plaintiff's Complaint,* Pg. 4, ¶ 24. He further alleges and pleaded that Auto-Owners consented to his settlement with the underinsured tortfeasor and went so far as to issue partial payment of UIM benefits. Those facts are sufficient to survive a 12(b)(6) motion as they plead a recognized cause of action with sufficient detail.

Auto-Owners does not seek dismissal of all Aaron's contract claims and concedes that Plaintiff "may attempt to proceed on a breach of contract theory as an alleged third-party beneficiary." That concession defeats dismissal of the negligent-adjustment claim at the pleading stage. If Plaintiff pleaded that the Auto-Owners contract provides UIM benefits for his injuries, then the Court cannot simultaneously conclude, as a matter of law on the pleadings, that Auto-Owners owed him no claim-handling duty while adjusting that same first-party UIM claim.

At this stage, the Court must accept the Complaint's allegations that the Auto-Owners policy applies, that Auto-Owners consented to the underlying settlement, that Auto-Owners made partial payment, and that Auto-Owners failed to pay additional benefits owed. Any dispute over the policy definition of "insured," the relationship between Aaron and Salstrom Enterprises, the covered vehicle, the scope of UIM endorsements, or the intended beneficiaries of the coverage requires the full policy, discovery, and a developed factual record.

II.    *VAN TINE* AND *SELKIRK SEED* DO NOT BAR A NEGLIGENT-ADJUSTMENT CLAIM BY AN UIM CLAIMANT WHOSE CLAIM AUTO-OWNERS CONSENTED TO AND PARTLY PAID

Auto-Owners' motion depends on the premise that Aaron is merely a third-party claimant and that Idaho law only allows negligent-adjustment claims by the named policyholder. That premise conflicts with the Complaint and overstates Idaho law.

Idaho first recognized an independent tort remedy for an insurer's bad-faith handling of first-party claims in *White v. Unigard Mutual Insurance Co.*, 112 Idaho 94, 730 P.2d 1014 (Idaho 1986). The Idaho Supreme Court later extended the principle to negligent delay or denial of insurance benefits in *Reynolds v. American Hardware Mutual Insurance Co.*, 115 Idaho 362, 365-66, 766 P.2d 1243, 1246-47 (Idaho 1988). *Reynolds* focused on whether the insurer owed a duty to its own policy holder when adjusting a claim for policy benefits and whether negligent adjustment caused harm.

Auto-Owners relies on *Idaho State Insurance Fund v. Van Tine*, 132 Idaho 902, 980 P.2d 566 (Idaho 1999), and *Selkirk Seed Co. v. State Insurance Fund*, 135 Idaho 649, 22 P.3d 1028 (Idaho 2000). Those cases are not applicable here; *Van Tine* involved a worker's compensation claimant's effort to pursue a bad faith claim against the State Insurance Fund, and *Selkirk Seed* addressed workers' compensation claim handling and an alleged duty to a separate business affected by premium increases. Neither case involved an underinsured party alleging coverage under the UIM contract.

A third-party tort claimant seeking to sue another driver's liability insurer stands outside the insurance contract and does not have any privity with the at-fault party's insurance. *Downing v. Travelers Insurance*, 107 Idaho 511, 514, 691 P.2d 375 (Idaho 1984), *citing, Pocatello Industrial Park Co. v. Steel West, Inc.*, 101 Idaho 783, 621 P.2d 399 (1980). A UIM claimant, by contrast, seeks benefits bargained for under the UIM contract. Idaho treats UIM disputes as

arising from the insurance policy and as capable of supporting first-party bad-faith principles where the policy supports recovery. See, e.g., *Weinstein v. Prudential Property & Casualty Insurance Co.*, 149 Idaho 299, 233 P.3d 1221 (Idaho 2010) (addressing breach of contract and bad-faith claims arising from uninsured motorist benefits); *Cedillo v. Farmers Insurance Co. of Idaho*, 163 Idaho 131, 408 P.3d 886 (Idaho 2017) (addressing bad-faith principles in UIM dispute).

An evaluation under whether an insurance company acted with bad-faith under the UIM contract confirms that the dispositive question is whether the insurer owed benefits and claims-handling duties under the UIM contract, not whether the declarations page names an entity. A plaintiff asserting insurance bad faith must show: "1) the insurer intentionally and unreasonably denied or withheld payment; 2) the claim was not fairly debatable; 3) the denial or failure to pay was not the result of a good faith mistake; and 4) the resulting harm is not fully compensable by contract damages." *Robinson v. State Farm Mut. Auto. Ins. Co.*, 137 Idaho 173, 176, 45 P.3d 829, 832 (2002). A plaintiff must also establish entitlement to recover under the policy. *Lovey v. Regence BlueShield of Idaho*, 139 Idaho 37, 48, 72 P.3d 877, 888 (Idaho 2003). Plaintiff plead adequately that entitlement and plead claim-handling misconduct.

Auto-Owners' proposed rule would create an untenable gap in UIM protection whenever the named insured is an entity but the covered loss is suffered by an individual for whose benefit the coverage was purchased or applied. Nothing in *Van Tine*, *Selkirk Seed*, *White*, or *Reynolds* requires that result. If discovery later establishes that Plaintiff is not an insured, intended beneficiary, covered person, assignee, or otherwise entitled claimant under the policy, Auto-Owners may renew its arguments on a developed record. Rule 12(b)(6), however, does not permit the Court to resolve that status dispute against Plaintiff now.

### III.    THE COMPLAINT PLEADS SPECIFIC FACTS SUPPORTING NEGLIGENT ADJUSTMENT

Auto-Owners does not meaningfully argue that Plaintiff failed to allege claim-handling facts apart from its categorical "no duty" argument. In any event, the Complaint alleges specific conduct that plausibly states negligent adjustment. Plaintiff's complaint alleges that Auto-Owners failed to request information it claimed was necessary to complete its evaluation; failed to evaluate Plaintiff's future care, future treatment needs, and future damages; failed to seek an independent medical examination or other examination if it believed more medical evaluation was needed; and refused to pay additional UIM benefits after Plaintiff submitted supplemental proof of loss and additional claim documentation. Plaintiff also alleges Auto-Owners had already consented to the tortfeasor settlement and made a partial UIM payment, making its later refusal to reasonably complete the adjustment all the more plausibly negligent.

Under Idaho law, negligent adjustment follows ordinary negligence principles: duty, breach, causation, and damages. *Reynolds*, 115 Idaho at 365-66, 766 P.2d at 1246-47. Plaintiff's allegations satisfy that standard. Duty is plausibly pleaded through the alleged UIM coverage, Auto-Owners' consent to settlement, and Auto-Owners' partial payment. Breach is pleaded through the alleged investigative and evaluative failures. Causation and damages are pleaded through Auto-Owners' refusal to pay additional benefits owed and the harm caused by negligent delay and underpayment.

Whether Auto-Owners reasonably investigated the claim, whether it possessed adequate information to evaluate future damages, whether it should have requested additional information or an examination, whether its payment position was fairly debatable, and whether Plaintiff suffered extra-contractual damages are fact-intensive questions. They should be resolved after discovery, not on a motion to dismiss.

### III.    THE COURT SHOULD NOT STRIKE OR DISMISS PLAINTIFF'S CONTRACT COUNTS AS REDUNDANT

Auto-Owners alternatively asks the Court to strike or dismiss one of Plaintiff's breach-of-contract counts as duplicative. That request should be denied. Federal pleading rules permit alternative and even overlapping theories. Fed. R. Civ. P. 8(d)(2)-(3). A plaintiff may plead separate contract theories where the precise policy basis, beneficiary status, damages measure, or form of relief may depend on policy language and facts developed in discovery. At the pleading stage, overlap between counts is not prejudice; it is ordinary notice pleading.

Rule 12(f) is also not designed to eliminate claims merely because a defendant believes they are duplicative. The Ninth Circuit has cautioned against using Rule 12(f) as a substitute for Rule 12(b)(6) or Rule 56. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973-75 (9th Cir. 2010). Even where claims overlap, courts commonly decline to strike them unless the challenged matter has no possible bearing on the litigation and its presence will prejudice the moving party. Auto-Owners identifies no prejudice from allowing both contract counts to remain while the parties clarify the policy, coverage provisions, and damages theories.

Nor would striking one count materially simplify this case. The same policy, claim, damages, and adjustment facts will be relevant regardless of whether Plaintiff's contract theories appear in one count or two. If the Court later determines that the counts are truly duplicative, it can require election of remedies, consolidate claims for trial, tailor jury instructions, or enter judgment on only one theory. There is no reason to strike a pleaded theory now.

### V.    ANY DISMISSAL SHOULD BE WITH LEAVE TO AMEND

If the Court concludes that any claim is insufficiently pleaded, Plaintiff respectfully requests leave to amend. Leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). The Ninth Circuit applies this policy with "extreme liberality," and dismissal

without leave is improper unless amendment would be futile. *Lopez v. Smith*, 203 F.3d 1122, 1127-30 (9th Cir. 2000). This is especially true where, as here, the case is at the initial pleading stage and no scheduling order or discovery record has narrowed the facts.

Any perceived deficiency could be cured by amendment. Plaintiff could plead additional facts regarding his status under the Auto-Owners policy, the relationship between Plaintiff and Salstrom Enterprises, the covered vehicle, the applicable UIM policy definitions and endorsements, Auto-Owners' consent to the tortfeasor settlement, Auto-Owners' partial UIM payment, the supplemental proof of loss, Auto-Owners' failure to request information or seek an examination, Auto-Owners' failure to evaluate future care and damages, and Plaintiff's resulting contract and extra-contractual damages. Because amendment would not be futile, any dismissal should be without prejudice and with leave to amend.

## CONCLUSION

For the foregoing reasons, Plaintiff Aaron Salstrom respectfully requests that the Court deny Auto-Owners Insurance's Motion to Dismiss and to Strike. In the alternative, Plaintiff requests leave to amend.

DATED June 22, 2026.

JANE GORDON LAW

*/s/ Jane Gordon*
Jane Gordon


CAPITAL INJURY & DISABILITY LAW
*/s/ Peter Kesling*
Peter J. Kesling
*Pro Hac Pending*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this June 22, 2026, I filed the foregoing PLAINTIFF AARON SALSTROM'S MEMORANDUM IN OPPOSITION TO DEFENDANT AUTO-OWNERS INSURANCE'S MOTION TO DISMISS AND TO STRIKE via ECF

Michael J. Elia
Moore Elia Kraft & Stacey, LLP
Post Office Box 6756
Boise, Idaho 93707
mj@melawfirm.net

Tanner J. Smith
Moore Elia Kraft & Stacey, LLP
Post Office Box 6756
Boise, Idaho 93707
tanner@melawfirm.net

*/s/ Jane Gordon*
Jane Gordon